IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**THOMAS W. PARRISH,**
    Petitioner,

v.     Case No.  5:06cv183/RS/MD

**JAMES R. MCDONOUGH,**
    Respondent.

_____

## REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 6).  Respondent has filed a motion to dismiss the petition as time barred.  (Doc. 21).  Although given the opportunity to respond (doc. 22), petitioner has not done so.  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On December 30, 2004 petitioner was adjudicated guilty in the Circuit Court of Bay County, Florida, of two counts of dealing in stolen property (case numbers 04-3837 and 04-4087), two counts of grand theft (case numbers 04-4085 and 04-4086), and one count of grand theft of a firearm (case number 04-4088).  (Doc. 6, p. 1; doc. 21, ex. A).  He was sentenced to five years imprisonment in each case, to run

concurrently with each other, followed by five years probation. (Doc. 21, ex. A).[1] Judgment and sentence were filed on December 30, 2004. Petitioner did not file a direct appeal.

On January 24, 2006 petitioner filed a motion for post-conviction relief pursuant to FLA.R.CRIM.P. 3.850. (Ex. B, pp. 1-19). The trial court denied the motion without an evidentiary hearing on January 31, 2006 (*id.*, pp. 20-21). The Florida First District Court of Appeal ("First DCA") affirmed the denial order without written opinion on June 7, 2006. *Parrish v. State*, 933 So.2d 527 (Fla. Dist. Ct. App. 2006) (Table) (copy at ex. C). The mandate issued on August 1, 2006. (Ex. D). Petitioner filed the instant federal habeas petition on September 7, 2006.[2] (Doc. 1).

## DISCUSSION

Because petitioner filed this § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs the present petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Pursuant to 28 U.S.C. § 2244, a one-year period of limitation applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1]Hereafter all references to exhibits will be to those attached to Doc. 21 unless otherwise noted.

[2]Although petitioner signed his petition on September 6, 2006, (doc. 1, p. 4), the institutional stamp bearing petitioner's initials indicates that petitioner provided the petition to prison officials for mailing on September 7, 2006 (*id.*).

>    **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the instant case, petitioner has not asserted that a government-created impediment to his filing existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final. Thus, the statute of limitations must be measured from the remaining trigger, which is the date on which his conviction became final. *See* 28 U.S.C. § 2244(d)(1).

Petitioner's judgment of conviction became "final" on January 31, 2005, when the thirty-day period in which to appeal the judgment and sentence expired.[3]  *See* FLA.R.APP.P. 9.140(b)(3) (requiring the defendant appealing in a criminal case to file a notice of appeal within 30 days following rendition of the order imposing sentence); *Walk v. State*, 707 So.2d 933 (Fla. 5th Dist. Ct. App. 1998) (holding that if "a conviction and sentence are not appealed, they become final 30 days after they are entered."); *Gust v. State*, 535 So.2d 642 (Fla. 1st Dist. Ct. App. 1988) (holding that if defendant does not appeal the conviction or sentence, judgment of conviction and sentence become final when the 30-day period for filing appeal expires). Thus, the one-year limitations period in § 2244(d)(1) began to run on January 31, 2005. The limitations period ran for 357 days until January 24, 2006, when petitioner filed his Rule 3.850 motion in state court. That motion was pending from January 24, 2006 (the date is was filed) until August 1, 2006 (the date the First DCA issued the

---

[3]The thirty-day period technically expired on January 29, 2005; however, because that day was a Saturday, the appeal period ran until the end of the day on the following Monday, January 31, 2005. *See* FLA.R.APP.P. 9.420(f).

*Case No: 5:06cv183/RS/MD*

mandate on petitioner's appeal of the order denying relief).[4]  The limitations period expired 8 days later on August 9, 2006.  The instant petition was not filed until September 7, 2006.  Based on the foregoing, the habeas petition is untimely.

The Supreme Court of the United States has not squarely addressed the question whether equitable tolling applies to the AEDPA's statute of limitations.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 n. 8, 125 S.Ct. 1807, 1814 n. 8, 161 L.Ed.2d 669 (2005).  However, this court need not decide the issue because the petitioner in this case has neither claimed equitable tolling applies, nor alleged facts to suggest that he ever attempted to file his federal habeas petition within the limitations period, much less that he diligently pursued relief.[5]  Thus, the doctrine of equitable tolling is inapplicable.  Petitioner does not assert that he is actually innocent.

## CONCLUSION

The instant petition for writ of habeas corpus is untimely.  The record does not support the application of the equitable tolling doctrine or any other exception to the limitations period.  Based on the foregoing, the petition should be dismissed.

---

[4]*See Nyland v. Moore*, 216 F.3d 1264 (11th Cir. 2000) (recognizing that a "properly filed" state postconviction petition is "pending" under Florida procedure -- and consequently tolls the limitations period -- until the appellate court's issuance of the mandate on appeal).

[5]The Eleventh Circuit has allowed equitable tolling to mitigate application of § 2244(d)'s statutory deadline under very limited circumstances:

> Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when "extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition. Equitable tolling is an extraordinary remedy that is typically applied sparingly; however, it is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence. The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.

*Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir. 2004) (internal quotations and citations omitted; emphasis in original).

*Case No: 5:06cv183/RS/MD*

**Accordingly, it is respectfully RECOMMENDED:**

1.  That respondent's motion to dismiss (doc. 21) be GRANTED.

2.  That the amended petition for writ of habeas corpus (doc. 6) challenging the convictions and sentences in *State of Florida v. Thomas Parrish*, in the Circuit Court of Bay County, Florida, case numbers 04-3837, 04-4085, 04-4086, 04-4087 and 04-4088, be DISMISSED WITH PREJUDICE.

3.  That the clerk be directed to close the file.

At Pensacola, Florida this 8TH day of August, 2007.

/s/ *Miles Davis*
          **MILES DAVIS**
          **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11**[th] **Cir. 1988).**